UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CELESTINO LOPEZ BASURTO, on behalf of himself and all others similarly situated,

Plaintiff,

-against-

SAJNI N SONS CORP. d/b/a MUGHLAI INDIAN CUISINE, KARENA FOODS INC. d/b/a MUGHLAI INDIAN CUISINE, EDA FOOD INC. d/b/a MUGHLAI INDIAN CUISINE, KDEM EATS INC. d/b/a MUGHLAI INDIAN CUISINE, DEK FOODS INC. d/b/a MUGHLAI INDIAN CUISINE, GARY TULSIANI, and MAHENDER TULSIANI,

Defendants.

**No. 26 Civ. 8893**

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Celestino Lopez Basurto ("Plaintiff" or "Lopez Basurto"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of Defendants Sajni N Sons Corp., Karena Foods Inc., Eda Food Inc., KDEM Eats Inc., and DEK Foods Inc., each doing business as Mughlai Indian Cuisine (collectively, "Mughlai" or the "Corporate Defendants"), Gary Tulsiani, and Mahender Tulsiani (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

1. Throughout his employment as a food preparer, delivery worker, and cleaner at Mughlai Indian Cuisine, Lopez Basurto regularly worked approximately sixty hours per workweek but was paid a flat weekly salary that fell below the statutory minimum wage rate and included no overtime premium for the hours he worked over forty each workweek. Defendants further failed to pay Lopez Basurto spread-of-hours pay for the days on which his workday spanned more than ten hours, and failed to

furnish him with wage notices at the time of hiring and accurate wage statements with each payment of wages. Additionally, Defendants unlawfully retained tips and gratuities earned by Lopez Basurto in connection with his UberEats delivery work by paying him a delivery service fee of only $3.50 per delivery while retaining customer tips that exceeded that amount for their own benefit. Finally, Defendants unlawfully deducted $10 per day from the delivery drivers' tips for receipt paper.

2. Defendants operate Mughlai Indian Cuisine as a single integrated restaurant enterprise through a group of commonly owned corporations that share ownership, management, and a common trade name. Defendants and their restaurants have been sued repeatedly for the same wage-and-hour violations and have had judgments and settlements entered against them, yet they have continued the same unlawful pay practices.

3. Lopez Basurto brings this action on behalf of himself and all similarly situated restaurant workers (the "Restaurant Workers") to recover unpaid minimum wages, unpaid overtime wages, unpaid spread-of-hours pay, misappropriated tips and gratuities, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the NYLL's Wage Theft Prevention Act, NYLL §§ 195, 198 ("WTPA").

## JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and it has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the events and omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

**Plaintiff Celestino Lopez Basurto**

6. Lopez Basurto resides in New York, New York.

7. Defendants employed Lopez Basurto as a food preparer, delivery worker, and cleaner at the Mughlai Indian Cuisine restaurant located at 489 Columbus Avenue, New York, New York 10024, from approximately November 6, 2024 to June 28, 2026.

**The Corporate Defendants**

8. Defendant Sajni N Sons Corp. is a New York corporation that does business as Mughlai Indian Cuisine, with a principal executive office located at 489 Columbus Avenue, New York, New York 10024.

9. Defendant Karena Foods Inc. is a New York corporation that does business as Mughlai Indian Cuisine, with an address located at 1724 Second Avenue, New York, New York 10128.

10. Defendant Eda Food Inc. is a New York corporation that does business as Mughlai Indian Cuisine, with an address located at 329 Third Avenue, New York, New York 10010.

11. Defendant KDEM Eats Inc. is a New York corporation that does business as Mughlai Indian Cuisine, with an address located at 255 West 55th Street, New York, New York, 10019.

12. Defendant DEK Foods Inc. is a New York corporation that does business as Mughlai Indian Cuisine, with an address located at 120 Cedar Street, New York, New York 10006.

13. Each of the Corporate Defendants has registered "Mughlai Indian Cuisine" as an assumed name or has otherwise operated under that trade name.

14. The Corporate Defendants own, operate, and do business as Mughlai Indian Cuisine, a group of Indian restaurants in New York City located at 489 Columbus Avenue (Upper West Side), 1724 Second Avenue (Upper East Side), 329 Third Avenue (Kips Bay), 235 West 55th Street (Hell's Kitchen), and 120 Cedar Street (Financial District).

15. Throughout Plaintiff's employment, the Corporate Defendants have operated as a single integrated enterprise. They share common ownership and management, operate under the common trade name "Mughlai Indian Cuisine," share administrative and payroll functions, and provide restaurant, food preparation, and delivery services to the same customers using interchangeable staff across their locations. Moreover, the Corporate Defendants share the same website and menu: https://mughlaicuisineny.com/ (last visited September 24, 2026).

16. The Corporate Defendants have employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, within the meaning of the FLSA.

17. In the three years preceding the filing of this Complaint, the Corporate Defendants, individually and collectively, have had an annual gross volume of sales made or business done in excess of $500,000.

18. The Corporate Defendants employed eleven or more employees, both individually and collectively, and are "large employers" within the meaning of the NYLL and its supporting regulations.

19. The Corporate Defendants are employers within the meaning of the FLSA and NYLL, and employed Plaintiff and the Restaurant Workers.

**Defendant Gary Tulsiani**

20. Defendant Gary Tulsiani is an owner and operator of the Corporate Defendants.

21. Gary Tulsiani is the Chief Executive Officer of Sajni N Sons Corp. and the registered agent for service of process of Karena Foods Inc. and Eda Food Inc.

22. Throughout the relevant period, Gary Tulsiani had the power to hire and fire the Restaurant Workers, including Plaintiff, set their wage rates and schedules, and determine the pay practices challenged in this Complaint.

23. Gary Tulsiani exercised sufficient control over the operations of the Corporate Defendants and over Plaintiff's and the Restaurant Workers' employment to be considered their employer under the FLSA and NYLL.

**Defendant Mahender Tulsiani**

24. Defendant Mahender Tulsiani is an owner and operator of the Corporate Defendants.

25. Defendant Mahender Tulsiani is the Chief Executive Officer of DEK Foods Inc. and the registered agent for service of process of KDEM Foods, Inc.

26. Throughout the relevant period, Mahender Tulsiani had the power to hire and fire the Restaurant Workers, including Plaintiff, set their wage rates and schedules, and determine the pay practices challenged in this Complaint.

27. Mahender Tulsiani exercised sufficient control over the operations of the Corporate Defendants and over Plaintiff's and the Restaurant Workers' employment to be considered their employer under the FLSA and NYLL.

**Defendants' History of Wage-and-Hour Litigation and Willful Conduct**

28. Defendants and the Mughlai Indian Cuisine restaurants have repeatedly been the subject of federal wage-and-hour litigation in which judgments and settlements

have been entered against them for the same or similar types of violations alleged in this Complaint:

a. *Basurto v. Eda Food Inc.*, No. 1:18-cv-8858 (AJN) (S.D.N.Y.): plaintiffs alleged that Eda Food Inc., Karena Foods Inc., and Gary Tulsiani failed to pay minimum and overtime wages, and on April 20, 2021 the Court entered a Rule 68 judgment against those defendants in the amount of $130,000.00;

b. *De Jesus v. Kdem Eats Inc.*, No. 1:21-cv-2886 (KPF) (S.D.N.Y.): plaintiff alleged FLSA and NYLL wage violations against Eda Food Inc., Karena Foods Inc., Kdem Eats Inc., Gary Tulsiani, and Mahender Tulsiani, and on May 6, 2022 the Court entered a Rule 68 judgment against those defendants in the amount of $15,000.00;

c. *Sehgal v. Karena Foods Inc.*, No. 1:23-cv-8799 (DEH) (S.D.N.Y.): plaintiff alleged the denial of overtime compensation against Karena Foods Inc. and Eda Foods Inc., and on July 7, 2025 the Court denied those defendants' motion for summary judgment in its entirety; case is awaiting a decision after a one-day bench trial;

d. *Castro v. Karena Foods Inc.*, No. 1:24-cv-1893 (ER) (S.D.N.Y.): plaintiff alleged that Karena Foods Inc. d/b/a Mughlai Indian Cuisine, KDEM Eats Inc. d/b/a Mughlai Indian Cuisine, Gary Tulsiani, and Mahender Tulsiani failed to pay minimum wages, overtime, and spread-of-hours premiums, and on July 31, 2026 the Court approved the parties' settlement providing a total recovery of $15,000.00; and

e. *Tixelema v. Sajni N Sons Corp.*, No. 1:25-cv-1942 (JPC) (S.D.N.Y.): plaintiff alleged the denial of overtime compensation against Sajni N Sons Corp., Karena Foods Inc., Eda Food Inc., DEK Foods Inc., and KDEM Eats Inc., each doing business as Mughlai Indian Cuisine, together with Gary Tulsiani and Mahender Tulsiani, and on August 17, 2026 the Court entered a Rule 68 judgment against those defendants, jointly and severally, in the amount of $10,000.00.

29. Despite these repeated judgments, settlements, and adverse rulings arising from the similar unlawful pay practices, Defendants have continued to fail to pay their Restaurant Workers minimum wages, overtime wages, and spread-of-hours pay, have continued to retain tips and gratuities belonging to their Restaurant Workers, and have continued to fail to furnish them with wage notices and accurate wage statements.

30. Defendants' conduct, as alleged in this Complaint, has therefore been knowing, intentional, willful, and in bad faith.

## FACTUAL ALLEGATIONS

31. Defendants employed Lopez Basurto at the Mughlai Indian Cuisine restaurant located at 489 Columbus Avenue, New York, New York 10024, from approximately November 6, 2024 to June 28, 2026.

32. Throughout his employment, Lopez Basurto worked as a food preparer, delivery worker, and cleaner. His duties included cutting meat and chicken, washing dishes, assisting the cooks, preparing sauces, receiving and organizing deliveries of supplies, delivering customer orders, and cleaning the kitchen and the restaurant at the end of the day.

33. Throughout his employment, Lopez Basurto regularly worked six days per week, Monday, Wednesday, Thursday, Friday, Saturday, and Sunday, with Tuesday off, from approximately 10:00 a.m. to 10:00 p.m. each day.

34. Lopez Basurto had a two-hour lunch break each workday.

35. Lopez Basurto worked approximately ten hours each workday, for a total of approximately sixty hours per workweek.

36. On each workday, the interval between the beginning and the end of Lopez Basurto's workday spanned approximately twelve hours.

37. Throughout his employment, Defendants paid Lopez Basurto a fixed salary of $450 per week regardless of the number of hours he worked, including for the hours he worked over forty per workweek.

36. Defendants paid Lopez Basurto by personal check that combined his weekly salary together with his tips in a single payment.

37. Defendants did not pay Lopez Basurto on an hourly basis and did not pay him any overtime premium for the hours he worked in excess of forty per workweek.

38. Lopez Basurto's regular hourly wage rate fell below the statutory minimum wage rate established for large employers in New York City throughout his employment with Defendants, which was $16.00 per hour in 2024, $16.50 per hour in 2025, and $17.00 per hour in 2026.

39. Defendants failed to pay Lopez Basurto overtime wages for the hours he worked over forty per workweek, and instead paid him a flat weekly salary for all hours worked.

40. Defendants failed to pay Lopez Basurto spread-of-hours pay, an additional hour of pay at the basic minimum hourly wage rate, on the days on which his workday spanned more than ten hours.

41. As part of his duties, Lopez Basurto performed food deliveries to customers through the UberEats platform for Defendants. Defendants paid Lopez Basurto a flat delivery service fee of $3.50 per UberEats delivery, which was noted on the back of one of the delivery receipts for the day:


Celestino
CC = 23.00
G.H = 21.13
3.5X6 = 21.00
65.13
7.00
72.13

42. Customers who placed delivery orders through the UberEats platform left tips for the delivery worker in amounts that exceeded the $3.50 delivery service fee that Defendants paid to Lopez Basurto.

43. For example, if a customer left a $13.98 tip, Defendants would pay Lopez Basurto $3.50:



Ub

A0396 [redacted]

Placed at August 3, 9:15 PM
Deliv... ust 3 9:49 PM

DELIVE

[redacted]

Instructions: [ Deliver to door ]

Scan using a QR scanner app to start delivery

Disposable items: No

| | |
|---|---|
| 1 x Aloo Papri Chaat | $8.95 |
| 1 x Mughlai Lamb Curry | $18.95 |
| 1 x Naan | $3.95 |
| 1 x Lasuni Gobi | $10.95 |
| Tip | $13.98 |
| Subtotal | $42.80 |
| Tax | $2.91 |
| Delivery Fee | $3.50 |
| Tax on delivery fe | $0.31 |
| Special Offer | ($10.00) |
| Amount paid | $39.52 |

Thank you for ordering from Mughlai Indian Cuisine UWS

44. Defendants retained for themselves the customer tips left through the Uber Eats platform in excess of the $3.50 delivery service fee paid to Lopez Basurto, and did not remit those tips and gratuities to Lopez Basurto or the other delivery workers who performed those deliveries.

45. The tips and gratuities left by customers through the Uber Eats platform were intended by those customers for Lopez Basurto and other delivery workers as

compensation for their delivery services, and not for the benefit of Defendants or their agents.

46. Moreover, Defendants deducted $10 every workday from the delivery drivers' tips to pay for receipt paper. Lopez Basurto was informed by the cashier of this practice.

47. Defendants' practice of deducting $10 per workday to pay for Defendants' receipt paper constitutes an unlawful deduction.

48. Defendants did not require Lopez Basurto to clock in or clock out, and did not keep accurate records of the hours that he worked.

49. Defendants did not provide Lopez Basurto with a wage notice at the time of his hiring or when his rate of pay changed.

50. Defendants did not provide Lopez Basurto with an accurate wage statement with each payment of his wages.

51. Defendants intentionally failed to provide wage notices and wage statements to Lopez Basurto and the Restaurant Workers in violation of the WTPA to conceal the number of regular and overtime hours that they worked and the statutory minimum and overtime wage rates to which they were entitled.

52. Defendants' failure to provide wage notices and accurate wage statements formed part of Defendants' scheme to deprive Lopez Basurto and the Restaurant Workers of the minimum, overtime, spread-of-hours wages, and tips due to them as alleged in this Complaint.

53. Defendants subjected other Restaurant Workers to the same unlawful pay practices, paying them fixed salaries or subminimum hourly rates for all hours worked, without overtime premiums or spread-of-hours pay, without wage notices or accurate wage statements, and by retaining tips and gratuities earned by those workers in

connection with delivery orders placed through third-party platforms.

**COLLECTIVE ACTION ALLEGATIONS**

54. Plaintiff brings this action on behalf of himself and all similarly situated Restaurant Workers who have worked for Defendants within the three years prior to the filing of this Complaint and who elect to opt-in to this action (the “FLSA Collective”).

55. Plaintiff and the FLSA Collective have worked over forty hours per workweek, have performed similar duties, and have been subjected to Defendants’ common unlawful pay policies and practices depriving them of overtime pay at the rate of one and one-half times their regular hourly wage rates for all hours worked in excess of forty per workweek.

56. Defendants intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in patterns, practices, and policies that violated the FLSA, including but not limited to: (1) failing to pay the FLSA Collective overtime wages for hours worked over forty per workweek; and (2) failing to keep full and accurate records of all hours worked by the FLSA Collective, as required by the FLSA.

57. Defendants engaged in this unlawful conduct pursuant to policies of minimizing labor costs and denying employees their compensation.

58. Defendants are aware or should have been aware that the FLSA required them to pay the Restaurant Workers an overtime premium for hours worked in excess of forty per workweek.

59. Defendants’ wage payment practices have repeatedly been the subject of federal litigation and adverse judgments and settlements. *See supra* ¶ 27.

60. Defendants’ unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

61. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated employees can be readily identified and located through Defendants' records. The similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS**

62. Plaintiff brings the claims in this Complaint arising under the NYLL pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class consisting of all similarly situated Restaurant Workers who work or have worked for Defendants in the six years prior to the commencement of this action (the "Rule 23 Class").

63. The employees in the Rule 23 Class exceeds forty, but are so numerous that joinder of all members is impracticable. The precise number of such employees is unknown, and facts supporting the calculation of that number are presently within the sole control of Defendants.

64. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

65. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, including, *inter alia*, the following:

a. whether Defendants violated the NYLL and supporting regulations with respect to the compensation of the Rule 23 Class as alleged herein;

b. whether Defendants maintained accurate records of hours worked and pay received by the Rule 23 Class as required by the NYLL;

c. whether Defendants failed to pay minimum wages to the Rule 23 Class for all hours worked up to forty per workweek, as required by the NYLL;

d. whether Defendants failed to pay overtime wages to the Rule 23 Class for hours worked in excess of forty per workweek, as required by the NYLL;

e. whether Defendants failed to pay spread-of-hours pay to the Rule 23 Class for each day worked that was longer than ten hours, as required by the NYLL;

f. whether Defendants unlawfully retained tips and gratuities belonging to the Rule 23 Class in violation of the NYLL;

g. whether Defendants failed to provide the Rule 23 Class with wage notices and accurate wage statements as required by the NYLL and WTPA; and

h. whether Plaintiff and the Rule 23 Class have sustained damages and, if so, the proper measure of such damages.

66. Plaintiff's claims are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the members of the Rule 23 Class work or have worked for Defendants at various times within the applicable statutory period. They enjoy the same statutory rights under the NYLL to be paid at the statutory minimum wage rate for hours up to forty and at the overtime rate for all hours worked over forty in a workweek, and to receive tips and gratuities intended for them by customers. Plaintiff and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendants' failures to comply with the NYLL.

67. Plaintiff and the Rule 23 Class have all been injured in that they have been under-compensated and deprived of tips and gratuities as a result of Defendants' common policies, practices, and patterns of conduct.

68. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

69. Plaintiff has retained legal counsel competent and experienced in wage-and-hour litigation and class action litigation.

70. There is no conflict between Plaintiff and the Rule 23 Class members.

71. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Rule 23 Class members lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

72. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM**
**(NYLL – Unpaid Minimum Wages)**

70. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

71. Defendants are employers within the meaning of NYLL §§ 190, 651(6), 652, and supporting New York State Department of Labor ("NYDOL") regulations, and employed Plaintiff and the Rule 23 Class.

72. The NYLL and its supporting regulations, including 12 N.Y.C.R.R. § 146-1.2, require employers in the hospitality industry to pay employees at least the basic minimum hourly rate for each hour worked up to forty per workweek.

73. Defendants further failed to pay Plaintiff and the Rule 23 Class on an hourly basis and instead paid them a fixed weekly salary, in violation of 12 N.Y.C.R.R. § 146-2.5.

74. Defendants willfully violated the NYLL by failing to pay Plaintiff and the Rule 23 Class the minimum wage for all hours worked.

75. As a result of Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**SECOND CLAIM**
**(FLSA – Unpaid Overtime Wages)**

76. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

77. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiff and the FLSA Collective.

78. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular hourly wage rates for all hours worked in excess of forty per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq.*

79. Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

80. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective the proper overtime wage rate.

81. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to Plaintiff's and the FLSA Collective's compensation.

82. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**THIRD CLAIM**
**(NYLL – Unpaid Overtime Wages)**

83. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

84. Under the NYLL and its supporting NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiff and the Rule 23 Class one and one-half (1½) times their regular rates of pay for all hours worked over forty per workweek.

85. Defendants failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the NYLL and its supporting regulations.

86. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

87. As a result of Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**FOURTH CLAIM**
**(NYLL – Unpaid Spread-of-Hours Pay)**

88. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

89. Defendants willfully failed to pay Plaintiff and the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day on which they worked a spread of hours in excess of ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.6.

90. As a result of Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid spread-of-hours pay, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**FIFTH CLAIM**
**(NYLL – Unlawful Retention of Gratuities)**

91. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

92. NYLL § 196-d prohibits any employer or their agent from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity or of any charge purported to be a gratuity for an employee.

93. Customers who placed food delivery orders through the Uber Eats platform left tips and gratuities for Lopez Basurto and other delivery workers in connection with their delivery services.

94. Rather than remitting those tips and gratuities to Lopez Basurto and the other delivery workers who earned them, Defendants paid Lopez Basurto a flat delivery service fee of only $3.50 per Uber delivery and retained for themselves the customer tips in excess of that amount.

95. The tips and gratuities retained by Defendants were intended by customers for Lopez Basurto and other delivery workers as remuneration for delivery services rendered, and not for the benefit of Defendants or their agents.

96. Moreover, Defendants discounted $10 per day for receipt paper from the delivery drivers' tips.

97. By retaining tips and gratuities intended for Lopez Basurto and the Rule 23 Class, Defendants willfully violated NYLL § 196-d.

98. As a result of Defendants' willful violations of NYLL § 196-d, Plaintiff and the Rule 23 Class are entitled to recover the full amount of tips and gratuities unlawfully retained by Defendants, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**SIXTH CLAIM**
**(NYLL WTPA – Failure to Provide Wage Notices)**

98. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

99. The NYLL's WTPA requires employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

100. In violation of NYLL § 195(1), Defendants failed to furnish Plaintiff and the Rule 23 Class, at the time of hiring and whenever their rate or rates of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

101. As a result of Defendants' violations of NYLL § 195(1), Plaintiff and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-b).

**SEVENTH CLAIM**
**(NYLL WTPA – Failure to Provide Wage Statements)**

102. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

103. The NYLL's WTPA requires employers to provide employees with an accurate wage statement with each payment of wages.

104. Defendants failed to provide Plaintiff and the Rule 23 Class with a wage statement at the end of every pay period accurately listing, *inter alia*, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

105. As a result of Defendants' violations of NYLL § 195(3), Plaintiff and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective, and the Rule 23 Class, respectfully requests that this Court:

a. certify this case as a collective action on behalf of the FLSA Collective described herein and authorize the prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all prospective members of the FLSA Collective apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. certify this case as a class action pursuant to Rule 23 for the Rule 23 Class described herein, designate Plaintiff as class representative, and designate Plaintiff's counsel as Class Counsel;

c. declare that Defendants have violated the minimum wage provisions of the NYLL and supporting regulations;

d. declare that Defendants have violated the overtime wage provisions of the FLSA, NYLL, and supporting regulations;

e. declare that Defendants have violated the spread-of-hours provision of the NYLL and supporting regulations;

f. declare that Defendants have violated NYLL § 196-d by unlawfully retaining tips and gratuities belonging to Plaintiff and the Rule 23 Class;

g. declare that Defendants have violated the wage notice and wage statement provisions of the NYLL's WTPA;

h. declare that Defendants' violations of the FLSA and NYLL were willful;

i. award Plaintiff and the Rule 23 Class damages for unpaid minimum wages;

j. award Plaintiff, the FLSA Collective, and the Rule 23 Class damages for unpaid overtime wages;

k. award Plaintiff and the Rule 23 Class damages for unpaid spread-of-hours pay;

l. award Plaintiff and the Rule 23 Class damages for the full amount of tips and gratuities unlawfully retained by Defendants in violation of NYLL § 196-d;

m. award Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and NYLL;

n. award Plaintiff and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish wage notices and accurate wage statements pursuant to the NYLL's WTPA;

o. award Plaintiff, the FLSA Collective, and the Rule 23 Class pre- and post-judgment interest under the NYLL;

p. award Plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NYLL; and

q. award such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
October 8, 2026

PECHMAN LAW GROUP PLLC

By: ______________________________

Louis Pechman
Miguel Tapia Colin
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com

*Attorneys for Plaintiff, the Putative FLSA Collective, and Putative Rule 23 Class*